**Mamie HODGE, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Defendant.**

**Civ. A. No. 88–1032–SSH.**

United States District Court, District of Columbia.

May 23, 1989.

Lawrence E. Williams, Jr., Washington, D.C., for plaintiff.

Susan A. Nellor, Asst. U.S. Atty., U.S. Attys. Office, Washington, D.C., for defendant.

### MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on plaintiff's motion for judgment of reversal and defendant's motion for judgment of affirmance of the decision of the Secretary of Health and Human Services denying plaintiff's claim for disability insurance benefits. As explained below, upon consideration of the motions, the oppositions thereto, and the entire record, the Court concludes that the decision of the Secretary constitutes reversible error, and the case is remanded to the Secretary for further proceedings consistent with this opinion.

### *Background*

Plaintiff filed an application for supplemental security income (SSI) on December 15, 1983. After an oral hearing, plaintiff's application was denied on March 20, 1986. Plaintiff requested, and the Appeals Council granted, review of the Administrative Law Judge's (ALJ) decision. The Appeals Council determined that evaluation of new and material medical evidence was necessary. Accordingly, it vacated the decision and remanded the case to an ALJ for further proceedings and a new decision. After holding a supplemental administrative hearing, the ALJ found that plaintiff was not disabled as defined by the Social Security Act and concluded that plaintiff was not eligible for SSI. Plaintiff requested a review of this decision by the Appeals Council. Her request was denied. The Appeals

Council declared the ALJ's decision to be the final reviewable decision of the Secretary.

Plaintiff is a 39–year–old female who began experiencing back problems in 1978. In July of that year, plaintiff underwent surgery for a herniated disc. Plaintiff had a second back operation in which a spinal fusion was performed in October 1983. She was hospitalized for approximately one month and required the use of a walker after discharge.

In February 1984, plaintiff was seen by Dr. Goldtz, a consultative orthopaedic surgeon. Dr. Goldtz's report indicated that although plaintiff could walk normally without a walker, the disc fusion did not look adequate. He concluded that plaintiff was unemployable for nine to twelve months but that after nine months, plaintiff might be able to return to light duty in her former employment as a nurse.

Plaintiff also was seen by Dr. Jackson, her treating physician, in February. Dr. Jackson opined that plaintiff was not fit for any employment at that time and would have to be seen every six to eight weeks to determine when she might be employable. He also stated that a patient is never recommended for employment before twelve months after a fusion unless the patient heals unusually quickly.

In April 1984, plaintiff was examined by Dr. Anstine, a consultative physician. Dr. Anstine reported that plaintiff had a fairly normal station and gait, was able to cross her legs to put on her shoes with no difficulty, and was observed walking at a brisk pace. Dr. Anstine concluded that although plaintiff had limitation of back motion, she certainly would be a vocational rehabilitation candidate.

Plaintiff was reexamined by Dr. Jackson in July 1984 when she was experiencing severe pain in the lower back and buttocks. He advised plaintiff that additional surgery probably would improve her condition. Dr. Jackson saw plaintiff again in September 1984. He reported that she had continuing back pain and received little relief from the brace she was wearing. He stated that there was a strong indication of spinal instability and recommended again that plaintiff be scheduled for surgery. On July 16, 1985, Dr. Jackson dictated a letter stating that plaintiff was totally disabled for any employment due to chronic pain increased by any walking or activity. He indicated that she would be undergoing surgery during the following month.

The record next shows that plaintiff was evaluated by a consultative physician, Dr. Harris, in November 1985. Dr. Harris commented that the cane and plastic body jacket plaintiff was using were not medically necessary. He also indicated that plaintiff could lift and carry about five pounds and sit without limitation.

Plaintiff's third back operation was performed in April 1986. The record of her first post-operative visit to Dr. Jackson in May indicated that plaintiff was using a cane but seemed to be doing well. Dr. Jackson opined that her progress would be quick. In June, Dr. Jackson reported that he expected the graft to be completely healed within three months. He indicated that plaintiff should return in four weeks for additional x-rays and, if healing satisfactorily, would be free to engage in most activities. Dr. Jackson saw the plaintiff again in July and indicated she had had an excellent surgical result despite the existence of some pain in the back. He noted, however, her continued unfitness for any employment. In a letter dated July, 21, 1986, Dr. Jackson stated that plaintiff was not fit for any employment and would not be evaluated for any type of work before a six month period. He also indicated average time for return to employment as being between nine and fifteen months.[1]

### Discussion

In reviewing a denial of Social Security disability benefits, this Court must determine whether the Secretary applied proper legal principles in reaching a decision and whether that decision is supported by substantial evidence in the record as a whole. *Donato v. Secretary of Health and Human Services*, 721 F.2d 414, 418 (2d Cir.

1. This is where the administrative record ends.

1983). The Supreme Court has defined substantial evidence to mean "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A sequential step process has been promulgated to determine whether a claimant meets this requirement. *See* 20 C.F.R. § 404.1520(a)–(f); *Davis v. Heckler*, 566 F.Supp. 1193, 1195–96 (D.D.C. 1983). A finding of no disability at any one of the steps ends the inquiry. *Davis* at 1196. First, the claim will be denied if the claimant presently is engaged in substantial gainful employment. Second, a severe impairment must be demonstrated. Third, if a claimant suffers from a less severe impairment that does not meet the set "Listing of Impairments," the Secretary must determine whether the claimant retains the ability to perform her former work or less onerous employment. Finally, if the claimant is unable to return to her former work or other, less demanding employment, the claimant's age, education, and past work experience are considered to determine if she is able to engage in any other work consistent with her capabilities. *See id.*

It is within the province of the ALJ and not a court to evaluate conflicting evidence. However, courts repeatedly have emphasized that a treating physician's opinion is entitled to particular weight and is binding on the Secretary when not contradicted by substantial evidence. *Poulin v. Bowen*, 817 F.2d 865, 873 (D.C.Cir.1987); *Aubeuf v. Schweiker*, 649 F.2d 107, 112 (2d Cir.1981); *Brandon v. Bowen*, 666 F.Supp. 604, 606 (S.D.N.Y.1987); *Buttron v. Heckler*, 610 F.Supp. 763, 768 (S.D.N.Y.1985); *Davis* at 1196. The treating physician's rule also requires that special weight be given to the medical reports of a claimant's treating physician even if there is contradictory medical evidence by an agency physician. *Chiappa v. Secretary of HEW*, 497 F.Supp. 356, 360 (S.D.N.Y.1980).

The Secretary's decision makes no reference to the treating physician's rule nor does it indicate that extra weight was afforded to Dr. Jackson's reports. In fact, defendant indicates in his opposition to plaintiff's motion for reversal that the ALJ gave Dr. Jackson's opinions little weight because they were contradicted by other medical findings in the record. This court finds this refusal to apply the treating physician's rule and afford special weight to Dr. Jackson's opinion to be reversible error. Moreover, some of the medical evidence is not necessarily in conflict. For example, Dr. Goldtz reported that the disc fusion did not seem adequate. His conclusion was that the claimant could not work for nine to twelve months. He speculated that she might be able to resume light duty work in nine months. This is not really at odds with the treating physician's general finding that it is unwise to recommend employment before twelve months have passed.

For the reasons stated above, the case is remanded to the Secretary with instructions for the ALJ to apply the proper standards, which include the treating physician's rule in determining plaintiff's eligibility for SSI benefits. An appropriate order accompanies this Memorandum Opinion.